IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT T. STRATTON, <br><br> Plaintiff, <br><br> v. <br><br> COIII. LT. J.A. TONY;  MS. DIANE MANSON, *Correctional Health Care Administrator;*  MR. LOUIS FOLINO *Superintendent;*  MR. THOMAS (ACTION) JACKSON, *Deputy Superintendent*;  COI M. (SHEEPMAN) EITNER;  MS. MICHELLE (JEZABELL) DIGGS; *Physician Assistant*;  MS. S. (BABY ELEPHANT) HICKMAN, *Physician Assistant;*  MS. N. ZIEGLER, *Physician Assistant*;  MR. (DR.) FALOR, *Physician;*  COI. J.A. (SNAKE) MORRIS;  COI. (GRAVEDIGGER) GRAVES; MS. MARY ANN (UPIG'IK) MISTRIK, *Disciplinary Hearing Examiner*; COI. (TEA BAG) SPECHT;  MR. DAN DAVIS, *Grievance Coordinator/Superintendent's Assistant*;  MR. ERIC DOE, *Mail Inspector #4*;  COIII. LT. D.P. (BUDA) MEIGHEN; COIII. LT. (RAM) WORKMAN;  COII. SGT. (BA'KIA) KENNEDY; COI (DOOFUS) DURKACS;  COIII. LT. (BRUTIS) SANTOYO; COII. SGT. (WEASEL) MICHNIAK; COI. (BLUE DEVIL) ROHRER; COIII. LT. (RALPH) AUGUSTINO; COI. W. (MASK) KRONARDER; COII. SGT. (ACE) BARKEFELT; COI. (CRAP) NOAK; COI. (NOSE) ZSOMBROKY; COI. (HUNCHBACK) YOUNKIN; JOHN DOE, *Optometrist;* JOHN DOE, *White Male Nurse;* COI. CREE; COI. F.L. (BOOK) COLE; COI. (CORNBREAD) ANDERSON; COI. ARDABELL; COI. (CROTCH) CROUCH;  COII. SGT. (CAVEMAN) CHAPMAN; COIII. LT. (HOOK) KIRBY; COII. SGT. CONNOR;  COI. CONN; COII. SGT. KRANDAS; COII. SGT. STEWART, *(Ground Hog);* COIII. LT. LEGGETTE; COI. J. QUATTRO; MR. DAVID DAY, *Unit Manager;*  MS. TAMI HOOKER, *Reverend;* MR. M. SMITH, *Activities;* | Civil Action No. 05 - 1601 <br><br> Chief Judge Donetta W. Ambrose / Magistrate Judge Lisa Pupo Lenihan |

| | |
|---|---|
| COI. O.R. DAVIS COV. MAJ. MARTIN; COIV. CAPT. (SLAP HAPPY) NORMAN; COIV. CAPT. GRAINEY; MS. JEAN W. SCOTT, *Business Manager*; MS. DENISE DOE, *(White Female Nurse)*; MS. DIANE DOE,*(White Female Nurse)*; MS. KELLIS GETTY, *Nurse;* MR. "JOHN DOE" (BROWN),*(White Male Nurse);* JOHN DOE, *(White Male Nurse) (Earl);* MR. KAHN, *(Dr.) Psychiatrist;* MR. DITTS, *Psychologist;* MR. DANOTO, *Psychologist;* MR. CRISTINI, *Counselor (Former COI);* COI. TREECE; MR. DAVID SACKS, *Psychologist;* MS. BARBARA DOE, *(White Female Nurse)*; MS. ALTMAN, *(White Female Nurse);* MS. JANE DOE, *(White Female Nurse);* JOHN DOE, *(White Male Nurse) (Elvis)*; JOHN DOE, *(White Male Nurse) (Hott);* JANE DOE, *(White Female Nurse) (Haggartha);* MS. ANGELA DOE *(White Female Nurse);* MR. ROBERT BITNER, *Chief Hearing Examiner;* COI. (HERPY) STEPHEN; COI. A.A. (BONES) MORRIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## ORDER

Plaintiff has submitted a motion to proceed in forma pauperis, which this Court granted November 30, 2005. Along with the motion was the certified account statement, as required by 28 U.S.C. § 1915(a)(2), and two caption pages that Plaintiff parenthetically titles "Parties of Complaint". What is missing from Plaintiff's filings is the actual complaint itself. While the motion to proceed in forma pauperis can be decided on its own merits, the Court can not direct the Clerk of Court to file

something that it does not possess. Plaintiff, therefore, shall be required to file a complaint with the Clerk of Court. The complaint shall:

1) Set forth the basis for jurisdiction in the Western District of Pennsylvania;
2) Set forth all facts forming the basis of the cause of action;
3) Delineate which facts apply to each of the Defendants and clearly state the legal theory against each of the Defendants;
4) Clearly state the demand for damages.

The Court also notes that Plaintiff has listed 72 Defendants in his "Parties of Complaint" document, with no fewer than a dozen listed as a "Doe". The number of Defendants is relevant at this point in the case because Plaintiff must not only file an original complaint with the Clerk of Court, but furnish a true and correct copy to be served on each Defendant as well. This means Plaintiff must supply an original complaint that complies with the requirements listed above as well as 72 copies of the complaint. Failure to supply the copies of the complaint will make service impossible and force the Court to issue an order for Plaintiff to show cause why this action should not be dismissed for failure to prosecute. It is, of course, Plaintiff's prerogative to amend the complaint to include only those Defendants germane to the issues that form the basis for this cause of action. Therefore,

**IT IS ORDERED** this 20 day of November, 2005, that Plaintiff shall file a complaint with the Clerk of Court that complies with the requirements of this order no later than December 28, 2005.

**IT IS FURTHER ORDERED** that Plaintiff provide the Clerk of Court with a true and correct service copy of the complaint for each named Defendant no later than December 28, 2005.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with the order will result in the issuance of an order for Plaintiff to show cause why this action should not be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that Plaintiff is allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                              Lisa Pupo Lenihan
                                              United States Magistrate Judge

cc:    ROBERT T. STRATTON
        DA-2917
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370