```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA


                                )
ROBERT STRATTON,                )   Civil Action No. 05-1601
                                )
          Plaintiff             )   Judge Donetta W. Ambrose/
                                )   Magistrate Judge Lisa
     vs.                        )   Pupo Lenihan
                                )
CO III Lt. J.A. TONY et al.,    )
                                )
          Defendants            )   Doc. No. 9
                                )
                                )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that Plaintiff's motion for a Preliminary Injunction and Temporary Restraining Order be denied.

### REPORT

**Relevant Procedural History**

On November 4, 2005, Robert T. Stratton (Plaintiff), a state prisoner, initiated the present suit filing a motion to proceed in forma pauperis ("IFP"). Doc. 1. In his motion requesting IFP status, he listed 72 defendants. His motion to proceed IFP was granted and he was required to send back to the court a form signed by him authorizing his prison to deduct funds from his prison account to pay the filing fees in installments. Doc. 2. However, his motion was not accompanied by a complaint. Therefore, the Court entered an order on December 1, 2005 directing that he file a complaint no later than December 28,

2005 and that he provide an adequate number of copies of the complaint for service purposes.  Doc. 3.  On December 7, Plaintiff returned the authorization to the Court but also appealed the order directing him to file his complaint by December 28, 2005.  Doc. 5.  In that appeal, he represented that he needed an extension of time until January 20, 2006 in which to comply with the order and supply the necessary number of complaints. Doc. 5 at 2.  That appeal was denied by the District Court.  Doc. 6.

On February 17, 2006, the Court entered an order directing Plaintiff to show cause by March 9, 2006, why this case should not be dismissed for failure to prosecute based on his failure to comply with this Court's order to file a complaint accompanied by the necessary number of service copies. Doc. 8.

On March 10, 2006, the Court received a Motion for Preliminary Injunction and Temporary Restraining Order, complaining that the conditions of his confinement kept him from complying with the Court's requirement that he file a complaint along with sufficient numbers of copies for service purposes.  In addition, the motion sought injunctive relief from many individuals who were not named as defendants in the motion to proceed IFP.  See Doc. 9-1 at ¶ 10.

**Discussion**

To merit the grant of preliminary injunctive relief, the

moving party must demonstrate: (1) the likelihood of success on the merits of the suit; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." St. Thomas-St. John Hotel & Tourism Ass'n. Inc. v. Government of U.S. Virgin Islands ex rel. Virgin Islands Dept. of Labor, 357 F.3d 297, 301 (3d Cir. 2004).  Given the purpose of injunctive relief and the requirements to merit such relief, the request for injunctive relief must, of necessity, bear a relationship to the underlying merits of the suit.  See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)("Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Here, in the absence of a complaint, there is no way for this Court to ascertain whether the remedies sought in the motion for injunctive relief and the claims made therein bear any

relationship to the as-yet non-existent complaint.  Given this state of affairs, the motion for injunctive relief should be denied.  Not until Plaintiff has filed a proper complaint and the appropriate individuals have been served with it and the court has obtained personal jurisdiction over those defendants, may Plaintiff file a motion for injunctive relief which the court will consider.  See, e.g., De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). ("A preliminary injunction is always appropriate to grant intermediate relief of the **same character** as that which may be granted finally. The injunction in question is not of this character. It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit.")(emphasis added); Devose, 42 F.3d at 471 ("It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."). See also Adair v. England, 193 F.Supp.2d 196, 200 (D.D.C. 2002)("A party commences a civil action by filing a

complaint. See FED. R. CIV. P. 3. When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); <u>P.K. Family Restaurant v. Internal Revenue Serv.</u>, 535 F.Supp. 1223, 1224 (N.D. Ohio 1982) (dismissing the case when the plaintiff filed no complaint but sought injunctive relief to delay the collection of taxes).

**<u>CONCLUSION</u>**

    In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

<u>/s/Lisa Pupo Lenihan</u><br>
Lisa Pupo Lenihan<br>
U.S. Magistrate Judge

Dated: March 21, 2006

cc:   The Honorable Donetta W. Ambrose
      Chief United States District Judge

      Robert T. Stratton
      DA-2917
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 1537