```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

```
ROBERT T. STRATTON,               )
                                  ) Civil Action No. 05-1601
         Plaintiff,               ) Judge Donetta W. Ambrose/
                                  ) Magistrate Judge Lisa Pupo
       vs.                        ) Lenihan
                                  )
CO III Lt. J.A. TONY, et al.,     )
                                  )
         Defendants.              )
                                  )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the complaint be dismissed with prejudice. It is further recommended that Plaintiff be allowed to file a Motion to Reopen accompanied by an Amended Complaint that meets the requirements of Fed.R.Civ.P. 20 within 30 days of the District Court order adopting this Report and Recommendation.

**REPORT**

Robert T. Stratton ("Plaintiff") is a state prisoner who has filed a civil rights complaint, naming one-hundred-and-thirteen separate defendants, complaining about ten separate and distinct events, occurring from July 1, 2005 to March 31, 2006. Because such misjoinder of parties violates the requirements of Fed.R.Civ.P. 20, Plaintiff should be made to file an amended complaint, which complies with the Federal Rules, upon pain of dismissal without prejudice for failure to do so.

   **I.   Relevant Procedural History**

Plaintiff, a prisoner at the time he initiated this suit, has been granted in forma pauperis status. Doc. 2.  The complaint was filed, however, because, inter alia, Plaintiff did not provide sufficient copies of the complaint for service, the complaint has yet to be served.

**II. DISCUSSION**

Plaintiff's complaint names 113 defendants, complaining of ten separate and distinct incidents that allegedly occurred over the course of July 1, 2005 to March 31, 2006.  Fed.R.Civ.P. 20 provides in relevant part that defendants may be joined only where certain requirements have been met.[1]  Specifically, Rule 20 provides in relevant part that:

> All persons... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

As explained by one court, "Rule 20(a) imposes two specific

---

[1] The Court has the inherent power to sua sponte raise the issue of improper joinder of parties in violation of Rule 20. BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, *1 (E.D. Pa. April 2, 2004)("This Court has ruled, sua sponte, that two-hundred and two Defendants in the above-captioned case have been improperly joined pursuant to Fed. R. Civ. Pro. 20").  See also Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." <u>Intercon Research Associates, Ltd. v. Dresser Industries, Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1982). Moreover Rule 18, which permits joinder of multiple **claims** against a party does not trump Rule 20's requirements because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (2001). <u>Accord</u> <u>Intercon</u>, 696 F.2d at 56-57.

Plaintiff's complaint comprises at least 280 paragraphs, with allegations against 113 defendants, recounting distinct and disparate events that span from July 1, 2005 to March 31, 2006. These separate and distinct events spanning over these nine months do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not present some common question of law or fact with respect to all the parties in the action, as required by Rule 20. Hence, the complaint, as presently constituted must be amended so as to come into

compliance with the Federal Rules.  Accordingly, Plaintiff should be made to file an amended complaint that conforms with Fed.R.Civ.P. 20.  The court finds that the following paragraphs of the complaint, if filed as separate complaints, would satisfy the requirements of Rule 20: Complaint 1 - Paragraphs 10-78; Complaint 2 - Paragraphs 79-110; Complaint 3 - Paragraphs 111-137; Complaint 4 - Paragraphs 138-158; Complaint 5 - Paragraphs 159-185; Complaint 6 - Paragraphs 186-206; Complaint 7 - Paragraphs 207-225; and Complaint 8 - Paragraphs 251-269.

It is recommended that the Court dismiss the present Complaint but that Plaintiff be allowed to file, within 30 days of the date of the District Court order adopting this Report and Recommendation (if it is adopted) a motion to reopen accompanied by an amended complaint at the instant Civil Action Number, i.e., Number 05-1601 which comports with Fed.R.Civ.P. No. 20.  If he desires to pursue the other causes of action contained in the present complaint, he must file separate complaints within the required statute of limitations at different civil action numbers. In addition, Plaintiff is advised that he must supply sufficient number of service copies (one for each named defendant) of any complaints filed as required by the rules. See, e.g., Holly v. True, NO. 92 C 1636, 1992 WL 159318, *3 (N.D. Ill. July 1, 1992)("The court denies Holly's motion to submit his complaint without copies. If Holly wants to sue twenty-eight

4

defendants, he must provide the court with sufficient copies of his complaint in order to effect service. If Holly finds this task difficult, he should seriously consider whether he wants to sue each of the defendants he has named. One of the purposes of requiring even pro se litigants to provide service copies is to cause them to focus their efforts against those individuals truly responsible for the deprivations alleged in the complaint.").

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


　　　　　　　　　　　　　　　　　　　　　　/s/Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

Dated: May 26, 2006


cc:   The Honorable Donetta W. Ambrose

      Robert T. Stratton
      DA-2917
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370