IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT T. STRATTON , <br><br> Plaintiff, <br><br> v. <br><br> COIII. LT. J.A. TONY;  MR. LOUIS FOLINO *Superintendent;*  MR. THOMAS  JACKSON, *Deputy Superintendent*;  COI M. EITNER;  COI. J.A. MORRIS;  COI. GRAVES; COI. SPECHT;  MR. DAN DAVIS, *Grievance Coordinator/Superintendent's Assistant*;  COIII. LT. D.P. MEIGHEN; COIII. LT. WORKMAN;  COII. SGT. KENNEDY; COI DURKACS;  COIII. LT. SANTOYO; COII. COII. SGT.  BARKEFELT;COI. O.R. DAVIS;  COV. MAJ. MARTIN; COIV. CAPT. GRAINEY;  COI. LYNCH; COI. JUSTIN SMITH; COI. C.E. BOWLIN; COI BORNE; COII. SGT. MATTHEWS; COI PETERS; COI LIGHTNER; COII. SGT. LEMASTERS; COI CRAMER; COII. LT. GREGO; COII. LT. FRANK; MS. JANIS NIEMIEC, Unit Manager of the Special Needs Unit; COII. LT. DURCCO; NURSE JOHN MCANANY; COV. MAG. M. CAPOZZA; MR. J. KENNEDY, Staff for Inmate Accounting; MR. EDWARD G. RENDELL, Governor for the State of Pennsylvania; COII. LT. LEGGETT; MS. JODI LAMBRIGHT, Counselor; MR. WILLIAM STICKMAN, Deputy Secretary for the Western Region of the Department of Corrections; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6, <br><br> Defendants | Civil Action No. 05 - 1601 <br><br> Chief Judge Donetta W. Ambrose <br> Magistrate Judge Lisa Pupo Lenihan <br><br> Doc. Nos. 40, 41 |

**ORDER**

This case was initiated by Plaintiff with a motion to proceed *in forma pauperis* (no complaint was attached) in November 2005. The IFP motion was granted and on December 1, 2005, the Court

entered an Order directing the Plaintiff to file a complaint with the Clerk of Court, as well as the appropriate number of service copies, no later than December 28, 2005.

A Complaint was finally filed on April 18, 2006 naming one-hundred-and-thirteen separate defendants, complaining about ten separate and distinct events, occurring from July 1, 2005 to March 31, 2006. Because such misjoinder of parties violates the requirements of Fed.R.Civ.P. 20, Plaintiff was ordered to file an amended complaint, which complies with the Federal Rules, upon pain of dismissal without prejudice for failure to do so. (See Order dated June 29, 2006). Plaintiff was ordered to file said amended complaint no later than July 29, 2006. An Amended Complaint was finally filed on September 1, 2006. This Complaint names 37 defendants, including the Governor, and 6 John Doe Defendants.

Document 40 is a Motion for an Order to Compel the return of legal documents, including his complaint, which were apparently taken from his cell. According to the documentation attached by Plaintiff to this motion, an investigation of this allegation took place and it was found to be without merit. This Court does not have the authority, time or resources to conduct internal investigations into the procedures inside correctional institutions. Grievance procedures were instituted for these problems and plaintiff is certainly familiar with these. Once he has exhausted these procedures plaintiff may then file a civil rights complaint but this Court will not permit him to use this lawsuit asx a vehicle to address all of his allegations against the correctional institution in which he is housed. Therefore, Plaintiff's motion to compel (Doc. No. 40) is **DENIED.**

Document 41 is entitled a "Motion of Letter and Order for Response." It asks Judge Ambrose to rule on his appeal of the undersigned's denial of an earlier motion asking the court to make copies of his complaint for service. Judge Ambrose ruled on his appeal on December 29, 2006 so that part of document 41 has been addressed. The remainder of the motion alleges that Plaintiff sent 33

service forms to the clerk and request an acknowledgment that these were received. Finally, it asks that the court register with the Pennsylvania Department of Corrections for a "Correspondence Tracking Number."

In order to try to respond to this motion it is necessary to recite some additional history. In May 2006 Plaintiff sent the clerk approximately 113 service forms for some of the defendants then named in his complaint. He was told that he had to also provide copies of the complaint for each of the defendants to be served. It was at that time that he motioned the court to make these copies for him, which motion has been denied. The appeal of this denial has now been ruled upon and Plaintiff must make his own copies. The court does not have the specific 33 service orders Plaintiff refers to in his motion filed at document 41. It does, however have the original 113 service orders sent back in May. The court also does not have copies of the Amended Complaint that are needed to serve the 37 defendants (not including 6 John Does) named in the Amended Complaint. Assuming the defendants named in the amended complaint are included in the set of service orders sent in May, then the court only needs 37 copies of the Amended Complaint to order service. Enclosed with this Order is a copy of the Amended Complaint so that Plaintiff may make the additional service copies. When they are returned to the Court, and assuming that the service orders for the now named 37 defendants are included in those previously received, service will be made.

In sum, since an order addressing the Plaintiff's Nov. 7 appeal has been entered, that part of the Motion, requesting a response, is **DENIED**. The second part of the motion, requesting a confirmation of receipt of service orders is not really a motion and is **DENIED**, and Plaintiff is referred to the information above. The November 30 Motion to Compel has been ruled upon this date

so that part of the motion is **DENIED**[1]. Finally, Plaintiff's Motion to order the clerk of courts to register for a correspondence tracking number is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.


Date: January 3, 2007                              s/Lisa Pupo Lenihan
                                                   Lisa Pupo Lenihan
                                                   United States Magistrate Judge



cc:     ROBERT T. STRATTON
        DA-2917
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370

---

[1] Part of that motion appears to involve the fact that Plaintiff's copy of the complaint was removed from his cell. Plaintiff has been sent another copy of his Amended Complaint with this Order.