```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROBERT T. STRATTON,                )
                                   ) Civil Action No. 05-1601
          Plaintiff,               ) Judge Donetta W. Ambrose/
                                   ) Magistrate Judge Lisa Pupo
     vs.                           ) Lenihan
                                   )
CO III Lt. J.A. TONY, et al.,      )
                                   )
          Defendants.              )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

**II.     REPORT**

Plaintiff, Robert T. Stratton, is a state prisoner who filed an Amended Complaint in the above-captioned action naming over thirty separate defendants (doc. no. 28).  To date, Plaintiff has not provided sufficient copies of the Amended Complaint for service despite numerous orders requiring him to do so.  For the reasons that follow, it is recommended that the Amended Complaint be dismissed.

A. <u>Relevant Procedural History</u>

Plaintiff initiated this suit on November 4, 2005 by filing a Motion for Application to Proceed *In Forma Pauperis* (doc. no. 1).  This Court granted Plaintiff's Motion on December 1, 2005 (doc. no. 2) and directed Plaintiff to file a complaint with the

Clerk of Court, as well as the appropriate number of service copies, no later than December 28, 2005 (doc. no. 3).  Plaintiff filed an "Appeal of Magistrate Decision" (doc. no. 5) to the District Court Judge on December 8, 2005.  The District Court Judge entered an Order (doc. no. 6) affirming the Magistrate Judge.  On February 16, 2001, this Court issued a Rule to Show Cause why the case should not be dismissed for Plaintiff's failure to file his complaint as required by the Court's December 1, 2005 Order (doc. no. 8).

On March 10, 2006, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order (doc. no. 9) complaining that the conditions of his confinement kept him from complying with the court's requirement that he file a complaint along with sufficient numbers of copies for service purposes.  In addition, the motion sought injunctive relief from many individuals who were not named as defendants in the motion to proceed IFP.  A report recommending denial of the preliminary injunction motion was filed on March 21, 2006 (doc. no. 10).  Also on that date, this Court filed an Order requiring Plaintiff to file his complaint along with the necessary number of service copies no later than March 31, 2006 and notified Plaintiff that his failure to comply would result in dismissal of his action (doc. no. 11).

On April 18, 2006, Plaintiff filed a Complaint comprised at least 280 paragraphs, with allegations against 113 defendants, recounting distinct and disparate events that span from July 1, 2005

2

to March 31, 2006 (doc. no. 18).  On May 26, 2006, this Court issued a Report and Recommendation to dismiss the Complaint without prejudice to his filing an amended complaint that complied with Federal Rule of Civil Procedure 20 (doc. no. 20).  Chief Judge Donetta W. Ambrose adopted this Report and Recommendation and ordered Plaintiff to file an amended complaint by July 29, 2006 (doc. no. 23).

On September 28, 2006, Plaintiff filed an Amended Complaint naming over thirty defendants.  Despite filing 7 motions since that date, Plaintiff has refused to provide the Court with service copies so that this lawsuit may be moved forward.  A copy of Plaintiff's Amended Complaint was mailed to him on January 25, 2007.

On February 22, 2007, this Court issued yet another Order requiring Plaintiff to provide the Court with a sufficient number of service copies of the Amended Complaint, waiver of service forms and U.S. Marshal 285 forms for each of the defendants by March 16, 2007.  The Order further advised Plaintiff that it would recommend dismissal of his action for failure to comply (doc. no. 48).

Over a month has passed since the Plaintiff's last deadline.  The Court has yet to receive waiver of service forms, U.S. Marshal 285 forms or service copies of the Amended Complaint for any of the defendants.  This case has been lingering since November 2005, solely through the fault of the Plaintiff, and should

not be allowed to linger any longer.

### B. Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d

4

1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding *pro se* in this action.  Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case.  Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's numerous deadlines.  With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- a significant amount of time has passed since the filing of this action thereby prejudicing defendants' recollection of the events at issue.  With respect to the third factor, Plaintiff's failure to follow this Court's numerous orders shows dilatoriness in proceeding with his action.  With respect to the fourth factor, it appears from Plaintiff's numerous frivolous appeals in this action that his conduct was willful and in bad faith.  The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate.  Finally, it does not appear from Plaintiff's rambling allegations that he has a high likelihood to prevail under 42 U.S.C.

§ 1983.

**III.     CONCLUSION**

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have 10 days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                    Lisa Pupo Lenihan
                                    U.S. Magistrate Judge

Dated:     April 23, 2007

cc:        The Honorable Donetta W. Ambrose
           United States District Judge, Chief

           Robert T. Stratton
           DA-2917
           SCI Waymart
           PO Box 256, Route 6
           Waymart, PA 18472